```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------X   Chapter 7
In re:
                                    Case No.: 16-20163
    DIANNE LYNN LUNN,
```

                Debtor.        **AFFIRMATION IN SUPPORT**

```
--------------------------------X
```

    MICHAEL C. MANNIELLO, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

    1. I am associated with PETER T. ROACH & ASSOCIATES, P.C., the attorney of record for WestVue NPL Trust II (hereinafter "Applicant"). I have reviewed the file maintained by this office and based on the documents, pleadings, notes and other memoranda contained herein I am familiar with the proceedings heretofore had herein.

    2. I make this affirmation in support of Applicant's motion for an order granting Applicant (1) relief from stay by virtue of 11 U.S.C. §362(d)(1) and (2)(A)&(B) on the grounds that Debtor does not have any and did not have at the time of filing this case any equity whatsoever in the property known as 926 Burritt Road, Hilton, NY 14468 ("Premises") and the property is not necessary for an effective reorganization as this is a Chapter 7; (2) leave to proceed with a foreclosure action and eviction in the New York State Supreme Court, Monroe County, or any other court with jurisdiction; and (3) such other, further,

and different relief as may be just, proper, and equitable.

3. The jurisdiction of this Court is invoked pursuant to 11 U.S.C. Section 362 and the Bankruptcy Amendments and Federal Judgeship Act of 1984.

## BACKGROUND

4. On February 23, 2006, Debtor, Dianne Lynn Lunn, executed a Mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for Access National Mortgage, in the amount of $102,961.00. A note evidencing the debt of $102,961.00 was also executed by Debtor, Dianne Lynn Lunn, on February 23, 2006 (**See**, **Exhibit "A"** for copy of the Note and Recorded Mortgage.) Said mortgage was ultimately assigned to WestVue NPL Trust II ("WestVue"). (**See**, **Exhibit "B"** for copy of the Assignments Mortgage.)

5. Debtor, Diane Lynn Lunn, filed the within case on February 22, 2016. That by reason of Debtor having filed a Chapter 7, of the Bankruptcy Code, on February 22, 2016, Applicant is stayed from proceeding with foreclosure and sale of the property.

6. Applicant, as legal holder of a mortgage lien on the Premises under the laws of the State of New York and the terms and conditions of said mortgage, desires to complete a foreclosure action in the Supreme Court of the State of New York, County of Monroe, including sale of the property and

evicting Debtor from the Premises, and therefore respectfully requests that an order be granted vacating the automatic stay to allow Applicant to proceed accordingly.

**THE DEBTOR HAS NO EQUITY IN THE PREMISES AND SAID PREMISES IS NOT NECESSARY TO AN EFFECTIVE REORGANIZATION.**

7. Pursuant to Section 362(d)(2) of the Bankruptcy Code, the Court shall grant relief from stay and allow a creditor to take acts against property where the debtor does not have any equity in such property and the property is not necessary to an effective reorganization. **See**, **11 U.S.C. §362(d)(2)(A)&(B).**

8. Significantly a valuation of the property, annexed hereto as **Exhibit "C"**, values the subject premises at $120,000.00. The amount due applicant as of the filing date of the instant petition was approximately $183,370.90. Thus, there is no equity in the property to adequately protect Applicant. Accordingly, the estate would be better off if it were rid of this additional burden because as the total indebtedness owed to Applicant continues to increase, the extent of the proceeds available to other creditors after a potential foreclosure sale continues to diminish. Upon information and belief, and based upon the fair market value of the property, the disposition costs and exemptions thereon, the Debtor has no non-exempt equity in the premises sought to be foreclosed.

9.  Moreover, as a result of the Debtor's default, Applicant may be required to expend additional sums on account of taxes and insurance to protect its security interest.

10.  In the instant case, Applicant is entitled to relief from stay because the Debtor herein does not currently and did not at the time of the filing of the within case have any equity in the subject premises. The only interest Debtor now maintains is a possessory one.

11.  In as much as the Debtor herein filed for relief under Chapter 7 of the Bankruptcy Code, the premises cannot be said to be necessary to an effective reorganization as there is no reorganization herein. Therefore both elements of 362(d)(2) are met.

12.  Applicant respectfully urges this Court to vacate the automatic stay. Such a Court Order is critical to allow Applicant to successfully pursue a Judgment of Foreclosure and Sale of the property 926 Burritt Road, Hilton, NY 14468 in the underlying State Court foreclosure action.

**WHEREFORE**, Applicant respectfully requests an Order of this Court (1) vacating the automatic stay by virtue of 11 U.S.C. Section 362 as to Applicant; (2) granting Applicant leave to proceed with a foreclosure action in the Supreme Court of the

State of New York, County of Monroe or any other court with jurisdiction to dispossess Debtor; (3) granting the fees and costs associated with bringing the within motion; and (4) granting such other, further, and different relief as to this Court may seem just, proper, and equitable.

Dated:   Syosset, New York
          March 24, 2016

                                  PETER T. ROACH AND ASSOCIATES,P.C.

                                  /s/ Michael C. Manniello
                                  _____
                                  By: Michael C. Manniello
                                  FIRM CODE(11-3410831)
                                  Attorney for Creditor
                                  WestVue NPL Trust II
                                  6901 Jericho Turnpike - Suite 240
                                  Syosset, New York 11791
                                  (516) 938-3100 Ext336